*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0129**

State of Minnesota,
Respondent,

vs.

Tiffany Nicole Phillips,
Appellant.

**Filed August 29, 2016
Reversed and remanded
Kalitowski, Judge⃰**

Scott County District Court
File No. 70-CR-14-18923

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Kevin A. Sieben, Sieben Edmunds PLLC, Mendota Heights, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Reyes, Judge; and Kalitowski, Judge.

---

⃰ Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KALITOWSKI**, Judge

Appellant, Tiffany Nicole Phillips, challenges the district court's denial of her motion to suppress the results of a blood test to which she consented after being read the Minnesota Implied Consent Advisory, and the district court's denial of her motion to vacate the verdict in the interests of justice following this court's decision in *State v. Trahan*, 870 N.W.2d 396 (Minn. App. 2015), *review granted* (Minn. Nov. 25, 2015). We reverse and remand.

## DECISION

"When reviewing a district court's pretrial order on a motion to suppress evidence, the district court's factual findings are reviewed under a clearly erroneous standard. But legal determinations . . . are reviewed de novo." *State v. Eichers*, 853 N.W.2d 114, 118 (Minn. 2014) (citation omitted), *cert. denied*, 135 S. Ct. 1557 (2015).

The United States and Minnesota Constitutions protect the right of the people to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Taking a blood sample constitutes a "search" under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). "Such an invasion of bodily integrity implicates an individual's most personal and deep-rooted expectations of privacy." *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013) (quotation omitted). A warrantless search is per se unreasonable "subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967). In general, evidence obtained in violation of the constitution must

be suppressed. *See State v. Jackson*, 742 N.W.2d 163, 177-78 (Minn. 2007) (suppressing evidence obtained during an unconstitutional nighttime search).

A warrant is not required "if the subject of the search consents." *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013). The voluntariness of a defendant's consent to submit to chemical testing is assessed under "the totality of the circumstances, including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 569 (quotation omitted). "The question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact." *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011) (quotation omitted).

On October 24, 2014, Phillips was driving from Shakopee to Burnsville. According to the complaint, a police officer saw a tan car "weaving over the center line onto the shoulder and traveling at varying speeds." The officer followed the car and eventually pulled Phillips over. The officer noticed that Phillips smelled like alcohol and her eyes were red and watery. Phillips admitted to drinking one beer one to two hours before she was pulled over. After "unsatisfactory" results on several field sobriety tests and failing a preliminary breath test, Phillips was arrested and taken to a hospital, where she was read the Minnesota Implied Consent Advisory. Phillips asked to speak with an attorney, but she was unable to contact one. Phillips then agreed to take a blood test, which registered her alcohol concentration at 0.239, which is an aggravating factor under Minn. Stat. § 169A.03, subd. 3 (2014). Phillips also had a prior alcohol-related revocation from September 2011, which is another aggravating factor under the same provision.

Phillips was charged by complaint with third-degree DWI under Minn. Stat. § 169A.20, subd. 1(1) (2014). Based on her blood test results, the state filed an amended complaint in December 2014, charging her with one count of second-degree gross misdemeanor DWI—operating a vehicle under the influence of alcohol—and one count of second-degree gross misdemeanor DWI with an alcohol concentration of 0.08 within two hours of driving. *See id.*, subd. 1(1), (5).

Phillips filed a motion to suppress the results of the blood test, arguing that "the reading of the implied consent advisory violated her due process rights under the 5th and 14th Amendments of the U.S. Constitution and under the Minnesota Constitution." Phillips argued that "[i]f drivers cannot be prosecuted for exercising their rights to be free from a warrantless blood test, then the threatening of Defendant with a criminal charge for refusing violates due process, whether or not a blood test was ultimately taken by agreement of the Defendant." Phillips relied on a footnote in *State v. Bernard* that could be read to suggest that a warrantless blood or urine test of a suspected drunk driver might not be justified as a search incident to arrest. *See* 859 N.W.2d 762, 768 n.6 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). Phillips's due-process argument relied on the analysis in *McDonnell v. Comm'r of Pub. Safety*, 473 N.W.2d 848 (Minn. 1991). She argued that "[b]ecause it cannot be a crime to refuse a warrantless blood test in a DWI case, the implied consent advisory again threatens a crime the state cannot lawfully pursue and threatening that crime violates a driver's due process rights under *McDonnell*." Following a contested omnibus hearing, the district court denied Phillips's

4

motion to suppress. Phillips was found guilty of second-degree gross misdemeanor DWI after a stipulated evidence trial pursuant to Minn. R. Crim. P. 26.01, subd. 4.

Phillips moved to vacate the verdict under Minnesota Rule of Criminal Procedure 26.04, subd. 1(1). Phillips relied on this court's decision in *Trahan*, 870 N.W.2d 396, which had been decided the day before her motion to vacate. Phillips argued that *Trahan* "establishes that the State cannot require someone to submit to a warrantless blood draw absent an exception to the warrant requirement." Phillips argued that, under *Trahan* and *McDonnell*, the implied-consent advisory "violat[ed] due process because it threatened prosecution for an offense that could not be prosecuted." Following a hearing, the district court denied Phillips's motion, concluding that because *Trahan* "did not consider the issue of consent to a blood draw," and Phillips consented to the blood draw, *Trahan* was not controlling.

While Phillips's direct appeal was pending, the United States Supreme Court held that a state may not constitutionally criminalize a driver's refusal to submit to a warrantless blood test, even where the driver was arrested lawfully for DWI, absent case-specific exigent circumstances justifying the state's failure to seek a search warrant. *Birchfield*, 136 S. Ct. at 2185-86. The implied-consent advisory that was read to Phillips was therefore partially inaccurate insofar as it conveyed to Phillips that withholding consent to a warrantless blood test is a crime. *See id.* at 2186 (noting that defendant "submitted to a blood test after police told him that the law required his submission," labeling as "erroneous" state court's assumption that state could permissibly compel warrantless blood test, and characterizing as "partial[ly] inaccura[te]" advisory given to defendant).

But the partial inaccuracy of the implied-consent advisory is only one circumstance in the totality of the circumstances faced by Phillips when she agreed to take a blood test. *See id.* (noting that state court "held that [defendant]'s consent was voluntary on the erroneous assumption that the State could permissibly compel both blood and breath tests," reiterating that "voluntariness of consent to a search must be determined from the totality of all the circumstances," and directing state court "to reevaluate [defendant]'s consent given the partial inaccuracy of the officer's advisory" (quotation omitted)); *cf. Brooks*, 838 N.W.2d at 569 (stating that the totality of the circumstances includes "what was said and how it was said" (quotation omitted)). Here, the partial inaccuracy of the advisory was not considered by the district court, which lacked the guidance provided by *Birchfield*.

We therefore reverse the district court's judgment, as to Phillips's DWI conviction and sentence, and remand to the district court to reassess the voluntariness of her consent to the blood test in light of all the relevant circumstances, including the partial inaccuracy of the advisory, and to consider the applicability, if any, of the good-faith exception to the exclusionary rule. *See Birchfield*, 136 S. Ct. at 2186-87, 2186 n.9 (vacating judgment of state court, remanding for state court "to reevaluate [defendant]'s consent given the partial inaccuracy of the officer's advisory," and noting that state court "will have to address whether the evidence obtained in the search must be suppressed" if state court finds on remand that defendant did not voluntarily consent to blood test).

Regarding Phillips's due-process argument, we note that unlike the situation in *McDonnell*, the officer here did not actively mislead Phillips. Moreover, the advisory

Phillips received was legally accurate at the time it was given. Accordingly, Phillips's due-process argument under *McDonnell* fails.

Finally, because we are reversing and remanding this matter, we do not address Phillips's argument that the district court erred in denying her motion to vacate the verdict in the interests of justice.

**Reversed and remanded.**